


LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
PT APOL JAYA OF JAKARTA

JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PT APOL JAYA OF JAKARTA,

Plaintiff,

- against -

NORTH CHINA SHIPPING CO. LTD.,

Defendant.

---------------------------------------------------------------X

**ECF CASE**

07 CIV 8372

## VERIFIED COMPLAINT

Plaintiff PT APOL JAYA OF JAKARTA ("APOL"), by its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant, NORTH CHINA SHIPPING CO. LTD., (hereinafter referred to as "NCS"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 & 1333. Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2. At all material times, plaintiff APOL was and still is a corporation organized and existing under the laws of a foreign country, and is the owner of the M/V

BANOWATI ("the Vessel").

3. Upon information and belief, at all material times, defendant NCS was and still is a corporation organized and existing under the laws of a foreign country, with offices and places of business in the British Virgin Islands and in care of Room 3511, 35/F, West Tower, Shun Tak Centre, 168-200 Connaught Road Central, Sheung Wan, Hong Kong. Defendant NCS cannot be found within this District within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and has tangible or intangible property within this District.

4. By an amended NYPE form time charter dated January 2, 2007, (the "Charter Party"), defendant NCS chartered the Vessel from plaintiff APOL for a single time charter trip of an estimated duration of about twenty-five (25) to thirty (30) days for the carriage of Iron Ore (the "Cargo") from East Coast of India to The People's Republic of China.

**COUNT ONE**

5. Plaintiff APOL repeats and realleges the allegations contained in Paragraph 1 through 4 of the Verified Complaint as if fully set forth and alleged herein.

6. During the course of the voyage, the Vessel's Master exercised his discretion and best judgment in due regard for the safety of the Vessel and the Cargo and changed course from the one required by the defendant NCS via a weather routing service in order to avoid bad weather and heavy seas.

7. Upon information and belief, the Vessel was able to maintain better speed on the new course chosen by the Vessel's Master by avoiding bad weather and heavy seas. Therefore, the Vessel did not require any additional time in reaching The People's

Republic of China than it would have used had the Vessel maintained the course required by NCS.

8. Defendant NCS wrongfully and in breach of the Charter Party deducted $35,811.83 from the February 20, 2007, hire payment based upon the time that the Vessel sailed on the changed course.

9. Although duly demanded, defendant has failed to pay APOL the amount of hire above wrongfully withheld by defendant.

**COUNT II**

10. Plaintiff APOL repeats and realleges the allegations contained in Paragraph 1 through 9 of the Verified Complaint as if fully set forth and alleged herein.

11. On or about February 6, 2007, at about 1600 hours, the Vessel suffered a casualty to her main engine and the Vessel was inoperable until February 7, 2007, at about 1400 hours.

12. The Vessel was fully operational and defendant NCS had full use of the Vessel from February 7, 2007, at about 1400 hours until the completion of the voyage.

13. The Vessel had to wait until February 9, 2007, at about 1645 hours before a pilot was available, so that the Vessel could proceed with the voyage.

14. Pursuant to Clause 15 of the Charter Party, only the time used to actually repair the engine may be deducted from the hire payment. Therefore, any time spent waiting for the pilot was to be included in the hire payment.

15. Defendant NCS wrongfully and in breach of the Charter Party deducted $62,554.56 from the February 20, 2007, hire payment to cover all of the time between February 7, 2007, at about 1400 hours until the pilot boarded the Vessel on February 9,

2007, at about 1645.

16. Although duly demanded, defendant has failed to pay APOL the amount of hire above wrongfully withheld by defendant.

## COUNT III

17. Plaintiff APOL repeats and realleges the allegations contained in Paragraph 1 through 16 of the Verified Complaint as if fully set forth and alleged herein.

18. Pursuant to clause 40 of the Charter Party, defendant NSC was required to settle any disbursements within two (2) months of redelivery.

19. Vessel was redelivered to Plaintiff APOL on February 12, 2007.

20. Defendant NCS wrongfully and in breach of Charter Party refused to reimburse plaintiff APOL for disbursements made on defendant NCS's behalf during the voyage.

21. As a result of this breach, plaintiff APOL has incurred the loss of the cost of the disbursements.

22. Although duly demanded, defendant has failed to pay APOL the amount of disbursements above advanced on its behalf.

23. Pursuant to Clause 17 of the Charter Party, disputes between plaintiff APOL and defendant NCS are subject to English law and London arbitration.

24. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

25. Plaintiff APOL hereby demands:

(a) Payment of $35,811.83 for the wrongful deduction from the hire payment under COUNT I;

(b) Payment of $62,554.56 for the wrongful deduction of the hire

payment under COUNT II.

(c) Payment of $3,708.70 for wrongful withholding of payment of disbursements under COUNT III.

(d) Payment of $17,500.00 to cover interest for a two year period on the amounts in sub-paragraphs (a)-(c) above. This interest may increase over time.

(e) Payment of $60,000.00 to cover legal fees and costs to be incurred in connection with the London arbitration (recoverable under English law). These fees may increase over time.

Total: $179,575.09

WHEREFORE, plaintiff APOL prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant NCS, citing them to appear and answer under oath all and singular the matters alleged;

b. since defendant NCS cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff APOL, in the amount of $179,575.09 to secure plaintiff APOL's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c. this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d. judgment be entered by this Court enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e. plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: September 26, 2007

LYONS & FLOOD, LLP
Attorneys for plaintiff
PT APOL JAYA OF JAKARTA

By: Kirk M Lyons

Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2631003\Pleadings\Verified Complaint-Banowati.doc

**VERIFICATION**

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff PT APOL JAYA OF JAKARTA, in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff PT APOL JAYA OF JAKARTA is because there are no officers now present in this District.

I affirm and state under penalty of perjury that the foregoing is true and correct.

Executed on: September 26, 2007

Kirk M. Lyons

U:\kmhldocs\2631003\Pleadings\Verified Complaint-Banowati.doc